UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARL E. WATSON, I, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.  24-1023-KHV-GEB |
| | ) |
| GERALD W. BOCH, | ) |
| UNITED STATES DEPARTMENT | ) |
| OF VETERANS AFFAIRS, | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

## REPORT AND RECOMMENDATION AND NOTICE

This matter concerns the Court's Notice and Order to Show Cause (**ECF No. 14**). Therein, the Court ordered Plaintiff to show cause in writing to the undersigned United States Magistrate Judge, on or before May 24, 2024, why she should not recommend the dismissal of Plaintiff's claims against Defendants Gerald W. Boch and the United States Department of Veterans Affairs (the "VA") for failure to timely serve them and for lack of prosecution under Fed. R. Civ. P. 41(b). Plaintiff filed a Response (ECF No. 16) on May 20, 2024 setting forth his efforts to obtain service on Defendant Gerald W. Boch. Based upon these efforts at service, on May 22, 2024 the Court found good cause to extend Plaintiff's deadline to obtain service on both Defendants up to and including June 28, 2024 (ECF No. 17). The Order warned Plaintiff failure to comply by this deadline would result in a recommendation of dismissal without prejudice against any Defendant not so served. Although Plaintiff has never filed proof of service on Defendant Gerald W. Boch, Dr. Boch filed a Motion to Dismiss on May 30, 2024 (ECF No. 18). In the Motion to Dismiss, Dr.

Boch states "Defendant was served with Pro Se Plaintiff's Civil Complaint Form ("Complaint") by mail" (ECF No. 18, p. 1). The Court's recommendation, therefore, is only directed towards Plaintiff's claims against the VA.

Plaintiff additionally filed a Response to the Court's May 22, 2024 Order. Plaintiff's Complaint clearly names the VA as a Defendant. Plaintiff adds a page to the Court's form Civil Complaint which states "[t]he other Defendant is the Department of Veterans Affairs, At: 810 Vermont Ave., NW, Washington, DC 20420." Plaintiff's Response to the Court's May 22, 2024 Order, however, seems to indicate Plaintiff does not intend to bring any claims against the VA (ECF No. 19). Responding specifically to the language in the Court's Order finding good cause to extend the deadline for service on both Defendants, Plaintiff says "this Judge is calling the Veterans Affairs as a 'Defendant' while Boch is not an employee of the VA or any government so that the VA is not a Defendant just because Boch was hired by a contractor [VES] that was hired by the VA." For the reasons stated below, the undersigned recommends dismissal of Plaintiff's claims against the VA without prejudice due to lack of prosecution pursuant to Fed. R. Civ. P. 41(b).

**I.     Notice**

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), may file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

## II. Background

Pro se Plaintiff filed his Complaint alleging various violations of his civil rights under 28 U.S.C. §1343 and other claims on February 6, 2024 (Compl., ECF No. 1). Since that time, he has undertaken no measures to perfect service on Defendant the VA. His extended deadline to serve Defendants expired on June 28, 2024. To date no summons has been issued to Plaintiff for service on Defendant the VA. No return of service or other confirmation of service of process has been filed which would demonstrate service before or after the expiration of the extended deadline.

## III. Recommendation of Dismissal without Prejudice

Plaintiff, as the initiator of this action, has an obligation to prosecute the case. Fed. R. Civ. P. 41(b) permits the Court to sua sponte dismiss an action if "the plaintiff fails to prosecute or to comply with these rules or a court order."[1] A court has discretion to dismiss an action for failure to prosecute.[2] "When dismissing a case without prejudice, 'a district court may, without abusing its discretion, enter such an order without attention to any particular procedures.'"[3] Due to Plaintiff's failure in the approximately five months this case has been pending to undertake any efforts to perfect service on Defendant the VA, Plaintiff has failed to prosecute his claims against them.

**IT IS THEREFORE RECOMMENDED** to the District Judge that Plaintiff's

---

[1] *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).
[2] *AdvantageEdge Bus. Grp., LLC. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).
[3] *Id.* (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158,1162 (10th Cir. 2007)).

1

claims against Defendant the VA be dismissed without prejudice for lack of prosecution under Fed. R. Civ. P. 41(b).

**IT IS ORDERED** the Clerk's Office shall mail a copy of the Report and Recommendation and Notice to Carl E. Watson, 7130 W. Maple Street, Suite 230, Wichita, KS 67209, by regular mail.

Dated July 2, 2024 at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge
