IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARL E. WATSON,

      Plaintiff,

v.                                                                                                    Case No. 24-1023-JWB

GERALD BOCH, M.D., and VETERANS ADMINISTRATION,

      Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant Gerald Boch's motion to dismiss (Doc. 18) and Magistrate Judge Gwynne Birzer's Report and Recommendation ("R&R") which recommends dismissal of Defendant Veterans Administration (Doc. 24). The matters are fully briefed and ripe for decision. (Docs. 19, 20, 25.) Dr. Boch's motion is GRANTED and the R&R is ADOPTED for the reasons stated herein.

**I.   Facts and Procedural History**

On February 6, 2024, Plaintiff filed this civil rights complaint against Defendants Dr. Boch and the Veterans Administration ("VA"). (Doc. 1.) Plaintiff does not allege that Dr. Boch is an employee of the VA; rather, he has asserted in other filings that he was not an employee of the VA. (*See, e.g.*, Doc. 25 at 5.) Liberally construing his complaint, Plaintiff had an office visit with Dr. Boch so that he could complete a disability benefits questionnaire for the VA on Plaintiff's behalf. Plaintiff's complaint does not identify the date of the office visit, but Dr. Boch asserts that the questionnaire is dated June 24, 2019 and that this was the only time he saw Plaintiff. (Doc. 18 at 5.) In response, Plaintiff does not dispute this assertion and identifies the period in which he saw Dr. Boch as 2018 or 2019. (Doc. 25 at 5.)

1

Plaintiff's complaint alleges that he was seen by Dr. Boch while he was in an electric wheelchair. (Doc. 1 at 4.) Plaintiff apparently informed Dr. Boch that he could only stand if he held onto a table. Plaintiff allegedly asked Dr. Boch if the doctor was going to examine his neck for range of motion, but Dr. Boch advised Plaintiff that he was not going to do so. Plaintiff then left the office. According to Plaintiff, the disability benefits questionnaire completed by Dr. Boch includes false statements, including that Dr. Boch did complete a range of motion test and that Plaintiff could stand by himself. Plaintiff further alleges that Dr. Boch is a white doctor and lives in a predominately white area outside of Memphis, Tennessee. (*Id.* at 5.)

In the section of the complaint asking Plaintiff to identify his claims, Plaintiff has checked a box indicating that this case arises under the Constitution, but he fails to identify a constitutional right that has been violated in the space provided on the form or in the factual basis. (*Id.* at 4.) Plaintiff also asserts that Defendants violated his equal protection rights, discriminated against him on the basis of his race, made false statements, and violated HIPAA. After the complaint was filed, the clerk's office issued summons. Plaintiff returned the summons unexecuted. (Doc. 7.) On April 25, 2024, Magistrate Judge Birzer extended the deadline to perfect service on Defendants. After Plaintiff failed to serve Defendants, Magistrate Judge Birzer issued a show cause order. (Doc. 14.) Plaintiff responded and identified his attempts to obtain a new summons and confusion on how to serve Defendants. Magistrate Judge Birzer found that good cause existed to extend the deadline again. Plaintiff was granted until June 28, 2024 to serve Defendants. (Doc. 17.) Although the record does not reflect a return of summons for Dr. Boch, he filed a motion to dismiss on May 30. (Doc. 18.) Plaintiff never served Defendant VA. On July 2, Magistrate Judge Birzer issued the R&R in which she recommends dismissal of the action against the VA for lack of prosecution. (Doc. 24.) Plaintiff timely filed an objection to the R&R.

**II.     Standard**

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

When a dispositive matter is ruled upon by a magistrate judge, the court is to conduct a de novo review. Fed. R. Civ. P. 72(b)(3). Pro se pleadings are construed liberally, but a district court cannot assume the role of an advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And pro se plaintiffs must follow the same rules of procedure that govern represented litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**III.     Analysis**

    **A.  Dr. Boch**

Dr. Boch moves to dismiss on the basis that Plaintiff's complaint fails to state a claim or, alternatively, is barred by the statute of limitations. Plaintiff filed responses in opposition. (Doc. 19, 20.) Plaintiff's responses, however, do not respond to the legal arguments presented in Defendant's brief. Rather, Plaintiff attempts to show that Dr. Boch's medical opinions are incorrect. Plaintiff has also filed several hundred pages of medical records on the docket in what appears to be his attempt to show that he has certain medical conditions. (Docs. 21, 22, 23.) The court cannot consider documents outside the pleadings in ruling on a motion to dismiss. *Tal v.*

*Hogan*, 453 F.3d 1244, 1264–65 n.24 (10th Cir. 2006); *see also* Fed. R. Civ. P. 12(d).  Therefore, the court has not considered these exhibits.

With respect to the allegations, they are wholly insufficient to allege a claim against Dr. Boch for racial discrimination or any potential claim that arises under the Constitution.  Plaintiff's complaint simply fails to allege any facts that would support such claims or show how Dr. Boch would be liable as a private actor.  These claims are also barred by the statute of limitations as set forth in Defendant's motion.  Further, to the extent that Plaintiff asserts that Dr. Boch defamed him due to false statements in the questionnaire, this claim is also barred by the statute of limitations.  Such a claim must be brought within one year.  K.S.A. § 60-514(a).  Plaintiff's final claim is for violation of HIPAA; but HIPAA does not create a private right of action.  *Mayfield v. Presbyterian Hosp. Admin.*, 772 F. App'x 680, 686 (10th Cir. 2019).

Therefore, Plaintiff's complaint against Dr. Boch must be dismissed.

**B.  Veterans Administration**

Finally, Magistrate Judge Birzer recommends dismissal of Plaintiff's complaint against the VA for lack of prosecution.  This action was filed on February 6, 2024, and Plaintiff has failed to serve the VA even though he was given several opportunities.  In his objection, Plaintiff asserts that his claims are meritorious, that the VA "accepted Dr. Boch's false statements," and that he would "serve the VA prior to 6/28/2024." (Doc. 25 at 6.)  Notably, the objection was filed on July 9, 2024, and the record does not reflect that the VA has been served.

Plaintiff's objection fails to specifically respond to the findings in the R&R.  Plaintiff has failed to serve the VA despite being provided with multiple extensions.  Therefore, the court finds that dismissal without prejudice for lack of prosecution is warranted.

4

5

**IV.     Conclusion**

    Dr. Boch's motion to dismiss (Doc. 18) is GRANTED.  Magistrate Judge Birzer's R&R (Doc. 24) is ADOPTED.  The VA is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.  Dated this 9th day of September, 2024.

                                                              _s/ John W. Broomes_
                                                              JOHN W. BROOMES
                                                             UNITED STATES DISTRICT JUDGE